UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3247-DMG (AFMx) | Date | June 5, 2018 |
|---|---|---|---|
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 1 of 10 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | urt Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO STRIKE [23]**

Before the Court is Defendants Viacom, Inc.; Viacom International, Inc.; and New Pop Culture Productions, Inc.'s (collectively, "Viacom") motion to strike ("MTS") [Doc. # 23] Plaintiff Jayceon Terrell Taylor's complaint ("Compl.") [Doc. # 1]. Additionally, Viacom requests the Court to judicially notice various documents in support of its MTS ("RJN"). [Doc. # 24.]

## I.
## JUDICIAL NOTICE

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n.3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). "A court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

The Court therefore **GRANTS in part** Viacom's RJN and takes judicial notice of Exhibits B, C, H, J, Y, DD–LL, NN, and OO, which consist of court records, websites, and news articles. *See Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965–66 (C.D. Cal. 2005) (Amazon web pages proper subject of judicial notice); *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 807, n.5 (2002) (news articles published before and after the airing of a television show proper subject of judicial notice); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court records proper subjects of judicial notice). As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3247-DMG (AFMx)** | Date | June 5, 2018 |
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 2 of 10 |

for the remaining documents, the Court **DENIES** Viacom's request as moot because the Court did not rely upon them to resolve this motion.[1]

## II.
## FACTUAL BACKGROUND

**A.     Taylor Starred in the Reality Show *She's Got Game***

Jayceon Taylor, better known by his stage name "The Game," is a self-proclaimed "internationally recognized music artist" who has earned the number one spot eight times on the *Top R&B/Hip-Hop Albums Chart*. Compl. at ¶ 2; Exhibit J to MTS ("Exh. J") [Doc. # 23-6 at 2–5] (newspaper article reporting on The Game's chart rankings). In addition to his successful music career, Taylor has starred in two reality television programs,[2] including *She's Got Game*. Compl. at ¶¶ 2, 8; Exhibit H to MTS ("Ex. H") [Doc. # 23-5 at 7–11] (freeze-frames of VH1.com website, which features *She's Got Game* episodes and a show plot summary). *She's Got Game*, which was cast, at least in part, in February 2015 and began airing in August 2015, was a reality dating show in which ten women accompanied Taylor on his music tour as he "looked for love." Compl. at ¶¶ 2, 8, 11; Ex. H.

In light of the various news articles posted before and after the show aired, as well as the show's ratings, *She's Got Game* was a popular television program. *See* Exhibit Y to MTS [Doc. # 23-7 at 32–35] (article interviewing Taylor about *She's Got Game* before it aired); Exhibit DD–LL to MTS [Doc. ## 23-8 at 16–75, 23-9 at 1–54] (reporting that *She's Got Game* was among the highest rated television programs on August 11, 2015; August 18, 2015; August 25, 2015; September 2, 2015; September 9, 2015; September 15, 2015; September 29, 2015; October 6, 2015; and October 16, 2015); Exhibit NN to MTS [Doc. # 23-9 at 60] (article reporting the

---

[1] Taylor filed an objection to Viacom's RJN on September 14, 2017—over one month after he filed his Opposition and two weeks after Viacom filed its Reply. [Doc. ## 29, 31, 34.] In the objection, Taylor posits that he would have argued the substance of the objection at the hearing on the MTS, but due to the Court's vacating the hearing and taking the matter under submission, he could not. [Doc. # 34.] The Court need not consider Taylor's objection because he lodged it after the submission of his Opposition and Viacom's Reply, which fails to give Viacom adequate notice. In any case, because the Court does not rely on the subject of the objection, Viacom's evidentiary objection is **OVERRULED as moot**.

[2] Taylor also starred in reality television program *Marrying the Game*, which aired for three seasons on VH1. Exh. G to MTD [Doc. # 23-5 at 3–6] (freeze-frame of VH1.com website, which features *Marrying the Game* episodes).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3247-DMG (AFMx) | Date | June 5, 2018 |
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 3 of 10 |

"Internet buzz[]" surrounding the show); Exhibit OO to MTS [Doc. # 23-9 at 64–66] (article about show contestant after show ended).

**B.     The Chicago Lawsuit**

One of the contestants on *She's Got Game*, Priscila Rainey, filed suit against Taylor on August 5, 2015 in the District Court for the Northern District of Illinois for battery, alleging that Taylor sexually assaulted her off-camera at a Chicago-area nightclub. Compl. at ¶¶ 11, 46; Exhibit C to MTS [Doc. # 23-4 at 62–66]. The case proceeded to trial on November 14, 2016, but Taylor failed to appear, purportedly due to an emergency dental procedure that he underwent during *voir dire*. Compl. at ¶ 48; Exhibit B to MTS ("Trial Transcript") [Doc. # 23-4 at 1–61] at 90:13–21, 98:9–18, 180:18–181:6. Given the nature of the surgery and Taylor's failure to notify his counsel of the surgery in a timely manner, as well as other pretrial requests and conduct, the court remarked that Taylor's behavior was "indicative of somebody who had no intention of appearing at trial." Trial Transcript at 92:12–93:9, 95:10–96:7, 177:6–22, 179:24–180:8, 180:18–181:6, 183:22–185:23, 500:7–501:24. The jury entered judgement for Rainey and awarded her $7.1 million in damages. Compl. at ¶¶ 47, 49.

**C.     The Instant Lawsuit**

About six months after the judgment, Taylor filed this suit against Viacom. Viacom cast Rainey in *She's Got Game* and televised the show on its channel, VH1. *Id.* at ¶¶ 10, 11. Taylor is suing Viacom for negligence, negligent misrepresentation, negligent infliction of emotional distress, and breach of fiduciary duty alleging that he has "been aggrieved and harmed by the announcement of the verdict" in Rainey's 2015 action against him. *Id.* at ¶¶ 1, 46, 52. Taylor contends that Viacom caused his harm because it cast Rainey as a contestant on the show knowing she had a criminal history, including multiple felony arrests for battery, and that she had suffered from mental health issues. *Id.* at ¶¶ 15–17, 26, 64. According to Taylor, Viacom contracted with a doctor to perform psychological examinations of the show's possible contestants. *Id.* at ¶ 15. The doctor initially recommended Rainey for the show but after reviewing arrest reports, he suggested that "a 'very conservative approach is called for' with Rainey" and that she should "not be allowed to participate on the [show]." *Id.* at ¶¶ 16–17, 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3247-DMG (AFMx) | Date | June 5, 2018 |
|---|---|---|---|
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 4 of 10 |

## III.
## LEGAL STANDARD

California prohibits "Strategic Lawsuits Against Public Participation" (the "anti-SLAPP" statute). Cal. Civ. Proc. Code § 425.16. The law "permits a defendant to pursue early dismissal of meritless lawsuits arising from conduct by the defendant in furtherance of the right of petition or free speech." *Greater L.A. Agency on Deafness, Inc. v. Cable News Network*, 742 F.3d 414, 419 (9th Cir. 2014). "The anti-SLAPP statute allows a court to strike any cause of action that arises from the defendant's exercise of his or her constitutionally protected rights of free speech or petition for redress of grievances." *Flatley v. Mauro*, 39 Cal. 4th 299, 311–12 (2006) (citing § 425.16(b)(1)).

Resolution of an anti-SLAPP motion requires the court to engage in a two-step process. *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003). First, the moving party must show that the causes of action "arise[] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." § 425.16(b)(1). Under the anti-SLAPP statute, such constitutionally protected speech activity includes "any written or oral statement made in a place open to the public or a public forum in connection with an issue of public interest" and "any other conduct in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest." *Id.* at § 425.16(e)(2)–(3). The California legislature directs that the statute "shall be construed broadly." *Id.* at § 425.16(a). Moreover, California courts have held that "a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis, and then permit the parties to address the issue in the second step of the analysis, if necessary." *City of Los Angeles v. Animal Def. League*, 135 Cal. App. 4th 606, 621 (2006), *disapproved of on other grounds by City of Montebello v. Vasquez*, 1 Cal. 5th 409 (2016).

If—and only if—the moving party shows that the challenged causes of action arises from its protected activity, then the Court decides whether the plaintiff has demonstrated a probability of prevailing on the claim. *Jarrow*, 31 Cal. 4th at 733. To establish a probability of prevailing on a claim, the plaintiff must meet a standard "comparable to that used on a motion for judgment as a matter of law." *Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir.2010). Thus, he "must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3247-DMG (AFMx) | Date | June 5, 2018 |
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 5 of 10 |

facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir.2001)). If the plaintiff fails to present a sufficient legal basis for the claims, or if the evidence offered is insufficiently substantial to support a judgment in his favor, then the anti-SLAPP motion should be granted. *Id.*

In considering the MTS, the Court "consider[s] the pleadings, and the supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2).

## IV.
## DISCUSSION

### A. Step One: Acts in Furtherance of Free Speech in Connection with a Public Issue

Under the anti-SLAPP standard, Viacom first must show that Taylor's claims for negligence, negligent misrepresentation, negligent infliction of emotional distress, and breach of fiduciary duty arise from Viacom's exercise of its constitutional right to free speech in connection with a public issue. Viacom clears this threshold hurdle.

Viacom contends that all of Taylor's claims are subject to the anti-SLAPP motion, and that the claims should be stricken because (1) *She's Got Game* is a popular unscripted television show, (2) the claims are related to casting decisions of a television show, and (3) Taylor is a well-known music artist. MTS at 15, 17–18. The Court first addresses whether the challenged conduct was taken in furtherance of Viacom's exercise of free speech rights.

#### 1. Acts in Furtherance of Free Speech

As presented above, the activity Taylor challenges in his complaint "must have been conducted 'in furtherance' of the exercise of free speech rights." *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010). Viacom alleges that Taylor's causes of action arose from acts in furtherance of free speech because casting decisions related to the production of a television program are sufficient to meet the first step's threshold. MTS at 15. Viacom is correct. Courts have held that the "creation of a television show," including the "writing, casting, and broadcasting" of a television show, is an exercise of free speech. *Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 143–144 (2011); *see also Hunter v. CBS Broad.*, 221 Cal. App. 4th 1510,

Case 2:17-cv-03247-DMG-AFM Document 35 Filed 06/05/18 Page 6 of 10 Page ID #:534

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3247-DMG (AFMx)** | Date | June 5, 2018 |
|---|---|---|---|

| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 6 of 10 |
|---|---|---|---|

1520 (2013) (television producers' decisions about who to cast in their programs constitute acts in furtherance of free speech for anti-SLAPP purposes, even where plaintiff alleged that producers made casting decisions on unlawful, discriminatory bases). As such, Viacom's decision to hire Rainey as a cast member for *She's Got Game* was an activity in furtherance of Viacom's exercise of free speech rights.

Taylor disputes this, arguing that the "gravamen" of his causes of action against Viacom does not arise out of its exercise of the right of free speech but, rather, "the negligent act committed by Defendants in failing to adequately protect Plaintiff by allowing a person who they know, or reasonably should have known, was not fit or suitable for participation on the Show." Opp. at 6 [Doc. # 29]. The case on which Taylor relies, *Robles v. Chalilpoyil*, 181 Cal. App. 4th 566 (2010), is distinguishable.

In *Robles,* plaintiffs brought a negligence claim against their former expert witness for giving false deposition testimony in a wrongful death action, as well as failing to continue to act as an independent expert in that case by entering into a business relationship with plaintiffs' attorneys to design and market a product based on information obtained while acting as plaintiffs' expert. *Id.* at 570–71. The appellate court affirmed the trial court's finding that the challenged conduct was not protected activity under section 425.16, and explained: "The central subject of the complaint against [the expert witness] is not an exercise of free speech or petition but the negligence or fraud inherent in [the expert witness'] act of entering into a business relationship to [plaintiffs'] detriment." *Id*. at 580.

To say, as Taylor does here, that *Robles* and the California cases cited therein instruct that, whenever a plaintiff's claim is negligence-based, section 425.16 does not protect the statements made by a defendant, is to gravely overstate *Robles*. *See id.* at 576 ("It is true that the statute protects litigation-related speech and petitioning activity undertaken on another's behalf, but the statute should not be used to insulate those statements from recourse by the very client on whose behalf the statement was made." (citations omitted)). Moreover, "[t]he focus of the [anti-SLAPP] statute is not the form of the plaintiff's cause of action, but the defendant's activity that gives rise to the asserted liability." *Midland Pac. Building Corp. v. King*, 157 Cal. App. 4th 264, 272 (2007). Here, as noted above, the central subject of Taylor's negligence claims against Viacom is the casting of Rainey in *She Got Game*. *Robles* simply is inapposite here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3247-DMG (AFMx)** | Date | June 5, 2018 |
|---|---|---|---|
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 7 of 10 |

Additionally, Taylor presents a series of hypothetical acts, unrelated to the facts underlying this action, that "presumabl[y]" would not be deemed protected activity under section 425.16, to argue that Viacom's conduct is equally unprotected. *See* Opp. at 7. "This argument, however, is predicated on the 'fallacy that the anti-SLAPP statute allows a defendant to escape the consequences of wrongful conduct by asserting a spurious First Amendment defense.'" *Hunter*, at 1525 (quoting *Navellier v. Sletten*, 29 Cal. 4th 82, 93 (2002)). But "'the statute does not bar a plaintiff from litigating an action that arises out of the defendant's free speech or petitioning,' nor does it confer 'any kind of "immunity"' on protected activity." *Id.* (quoting *Navellier*, 29 Cal. 4th at 93). Rather, the plaintiff must "present the 'minimal' evidence necessary to demonstrate a reasonable probability of prevailing on the merits" to survive the anti-SLAPP motion. *Id.* (quoting *Robinzine v. Vicory*, 143 Cal. App. 4th 1416, 1421 (2006)). The Court thus rejects Taylor's parade of horribles argument as meritless and irrelevant to the question at bar—whether Viacom's challenged conduct was in furtherance of its free speech rights such that Taylor must come forth with evidence that his claims are meritorious.

In sum, Viacom's casting of Rainey advanced and assisted the production of *She Got Game*, and thus falls under the broad protection the anti-SLAPP statute provides for free speech and petition activities. *See, e.g.*, *Tamkin*, 193 Cal. App. 4th at 143–144.

### 2. The Challenged Conduct's Connection with a Public Issue

Next, Viacom must show that the casting of Rainey for *She's Got Game* was "in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e)(4). Courts have found that the casting for a television show can be considered an issue of public interest. *Tamkin*, 193 Cal. App. 4th at 143–144 (finding the creation, casting and broadcasting of an episode of *CSI* to be an issue of public interest "as shown by the posting of the casting synopses on various Web sites and the ratings for the episode."). Further, reality television programs have specifically been considered an issue of public interest. *See Seelig*, 97 Cal. App. 4th at 807–08 (describing that a contestant on *Who Wants to Marry a Multimillionaire* was an issue of public interest because of the popularity of reality television shows). Here, Viacom's acts in casting Rainey contributed to the production of the television program *She's Got Game*. As demonstrated by the ratings for the series in addition to various news articles about the show and its cast members, the show became a topic of public interest. *Id.*; Exhibits Y, AA, DD–LL, NN, OO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3247-DMG (AFMx)** | Date | June 5, 2018 |
|---|---|---|---|
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 8 of 10 |

Furthermore, courts have found that there is a strong public interest in the lives of famous people. *See Hilton*, 599 F.3d at 899, 908 (describing public interest in celebrity Paris Hilton, who starred in the reality television show *The Simple Life*); *Beckham v. Bauer Publ. Co., L.P.*, No. CV 10-7980-R, 2011 WL 977570, at *1 (C.D. Cal. 2011) (describing David Beckham as a "renowned soccer star who is no stranger to the media and [who] puts himself in the public spotlight" such that "[a]llegations of his alleged affairs would be a topic of interest to a wide variety of people"). Taylor, an "internationally recognized music artist" who has earned the number one spot eight times on *Top R&B/Hip-Hop Albums Chart*, is a public figure who seeks the public spotlight. Compl. at ¶ 2; Exh. J. In addition to his successful music career and his participation in *She's Got Game*, Taylor has also starred in another reality television program, as explained above.

Viacom is being sued because it cast Rainey as a contestant on *She's Got Game*, a popular reality television show in which Taylor, a public figure, starred. The above facts establish that the challenged conduct arises from Viacom's exercise of its "constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e)(2)–(3). As such, this action falls within the anti-SLAPP statute's "arising from" prong. The Court turns now to the second step of the anti-SLAPP analysis.

**B.    Step Two:  Probability of Prevailing on the Merits**

Because Viacom has made a threshold showing that Taylor's action arises from its free speech activities, the burden shifts to Taylor to demonstrate a probability that he will prevail on each of his claims. *Jarrow*, 31 Cal. 4th at 733. To satisfy the second prong, the plaintiff must "state[] and substantiate[] a legally sufficient claim." *Id*. at 741 (quoting *Rosenthal v. Great Western Fin. Secs.*, 14 Cal. 4th 394, 412 (1996)). In opposing an anti-SLAPP motion, "the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial." *HMS Capital, Inc. v. Lawyers Title Co*, 118 Cal. App. 4th 204, 212 (2004).

Taylor has offered no such evidence in his Opposition and has not even presented argument as to the likelihood of success on the merits of his claims, and thus has fallen short of meeting his burden. *See Steed v. Dep't of Consumer Affairs*, 204 Cal. App. 4th 112, 124 (2012) ("[T]o successfully oppose an anti-SLAPP motion . . . [the plaintiff] was the party who carried the burden to show 'that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment' . . . ."); *Haight Ashbury Free*

Case 2:17-cv-03247-DMG-AFM Document 35 Filed 06/05/18 Page 9 of 10 Page ID #:537

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3247-DMG (AFMx)** | Date | June 5, 2018 |
|---|---|---|---|

| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 9 of 10 |
|---|---|---|---|

*Clinics v. Happening House Ventures*, 184 Cal. App. 4th 1539, 1554 (2010) (granting anti-SLAPP motion where plaintiff "did not even discuss the second prong of the SLAPP test in its briefing in the trial court"). Instead, Taylor spends his Opposition challenging the efficacy of Viacom's threshold showing, as discussed above. Taylor "bore the burden to present competent, admissible facts in opposing the anti-SLAPP motion, irrespective of defendants' burden," and he failed to carry this burden. *Steed*, 204 Cal. App. 4th at 124.[3]

### C. Leave to File Supplemental Briefing

The Opposition further states that "in the event this Court determines that this first prong has been met, then Plaintiff reserves the right, and respectfully requests leave to file a supplemental brief on the outstanding issues." Opp. at 7–8. The Court will not give Taylor a second bite at the apple. As explained above, his only task under the anti-SLAPP statute was to show, with evidence, that there is a probability he would prevail on the merits of his claims. Taylor abandoned this burden altogether. To permit Taylor to engage in piecemeal litigation of the instant motion would contravene the very purpose of the anti-SLAPP statute: to "provid[e] an efficient procedural mechanism to obtain an early and inexpensive dismissal of nonmeritorious claims." *Martinez v. Metabolife Int'l*, 113 Cal. App. 4th 181, 186 (2003). Moreover, the Court observes that Taylor's nine-page Opposition, including the cover page, falls far short of this District's page limitation for briefs, such that the Court cannot conceive of any good cause for Taylor's failure to so much as attempt to carry his burden in opposing the MTS in the first instance. *See* C.D. Cal. L.R. 11-6 (page limit for moving papers is 25 pages, excluding indices and exhibits).

Thus, the Court **GRANTS** the MTS and **DENIES** Taylor leave to file supplemental briefing.

### D. Leave to Amend

California courts have made clear that the grant of an anti-SLAPP motion shall not be with leave to amend the pleading. *See Martin v. Inland Empire Utilities Agency*, 198 Cal. App. 4th 611, 625–27 (2011) (collecting and discussing cases). Because Viacom satisfied its

---

[3] While Viacom offers alternative grounds for dismissal in its MTS, Taylor's failure to address the second prong of the anti-SLAPP analysis in his Opposition is fatal to his suit, and the Court thus does not address the alternative grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3247-DMG (AFMx) | Date | June 5, 2018 |
| Title | *Jayceon Terrell Taylor v. Viacom Inc., et al.* | Page | 10 of 10 |

threshold showing that its conduct was in furtherance of its exercise of free speech rights, the grant of the MTS is without leave to amend. *See id.* at 627–29.

## V.
## CONCLUSION

Accordingly, the Court **GRANTS** the MTS and **DENIES** Taylor leave to file supplemental briefing or an amended pleading.

**IT IS SO ORDERED**.